**Sonja J. PALMER, Plaintiff–Counter–Defendant–Appellant,**

v.

**US WEST COMMUNICATIONS, INC.; CWA Local 7777; Cindy Sutherland, Capacity Provisioning Director; Becky Boyd, Capacity Provisioning Manager; Hedi Bonn, Capacity Provisioning, Data Specialist, Defendants–Counter–Claimants–Appellees.**

No. 01–1405.

United States Court of Appeals, Tenth Circuit.

June 12, 2002.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, and BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

The court generally disfavors the citation of orders and judgments; nevertheless, an order

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Sonja J. Palmer appeals the district court's grant of summary judgment in favor of defendants on her claims of race discrimination, defamation, wrongful termination, and fraud. Because plaintiff did not raise a triable issue as to the knowing and voluntary nature of her entry into a settlement agreement with defendants, we affirm.

Plaintiff, an African American, was employed by defendant U.S. West Communications, Inc. (U.S. West) from September 25, 1995, until her termination on February 18, 1999. The parties dispute whether plaintiff's termination for unprofessional conduct was justified. Plaintiff initiated a grievance through her union, defendant CWA Local 7777, and filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC).

Plaintiff agreed to participate in the EEOC's alternative dispute resolution program to resolve her claims. The mediation process produced two agreements through which plaintiff agreed to release all claims—including her grievance—against U.S. West, its employees, and the union, in return for a $16,000 cash settlement. After signing the agreements on May 13, 1999, plaintiff had ten days in which to rescind them. Plaintiff did not rescind the agreements, but instead accepted and cashed the $16,000 settlement check.

On March 24, 2000, plaintiff filed this action in state court against U.S. West, several employees, and the union. Defendants removed the action to the federal district court and moved for summary

judgment based on the settlement agreements. In plaintiff's summary judgment response, she argued that the settlement was invalid because it was the product of fraud, misrepresentation, and duress. The district court adopted the recommendation of the magistrate judge to whom the case was referred, granting summary judgment in favor of defendants on the ground that plaintiff did not raise a triable issue as to the voluntary and knowing nature of her entry into the settlement agreement.

We review the grant or denial of summary judgment *de novo*, applying the same legal standard used by the district court. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *McKnight*, 149 F.3d at 1128 (quotation omitted).

■ Plaintiff argues first that she did not voluntarily and knowingly give up her right to continue her grievance to get her job back. She argues the district court erred in simply looking at the language of the settlement agreement instead of considering the factors identified in *Torrez v. Public Service Co.*, 908 F.2d 687 (10th Cir.1990). A review of the magistrate judge's recommendation belies this assertion. There, the court enumerated the *Torrez* factors and then considered plaintiff's claims in light of those factors.

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Further, the court's resolution of this issue is supported by the summary judgment evidence. *Torrez* requires consideration of the following factors:

(1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether [p]laintiff knew or should have known [her] rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Id.* at 689–90 (quotation omitted).

Here the U.S. West settlement agreement clearly and specifically stated that plaintiff was relinquishing her grievance, that the union was authorized to close the grievance, and that plaintiff released any claims she might have against the union. Further, plaintiff's pleadings demonstrate that she is sufficiently educated to understand the language of the settlement agreement. Although plaintiff did not have much time to deliberate before signing the release, she had ten days in which to consider her decision and rescind the agreement. Plaintiff knew about her right to bring a grievance before releasing that right. Moreover, plaintiff was encouraged to consult with an attorney, and knew she had the right to involve an attorney in the mediation. Plaintiff also had an opportunity to negotiate the agreement through the mediation process. And finally, given the dispute over whether her termination was justified, plaintiff has not shown that she was entitled to the $16,000 before she signed the agreement.

█ Plaintiff argues that her union made certain fraudulent statements which caused her to enter into the settlement agreement. Specifically, she states that union representatives told her that she was only entitled to six months of back pay if reinstated, whereas she was actually entitled to eighteen months of back pay, and that she "might not prevail" in an arbitration, when if fact she would prevail.[1] R. I, doc. 37 at 5. Plaintiff also states that the union deceived her into thinking her grievances had to be resolved in the release, but she has not identified any specific statement made to her in this regard.

A contract is void and unenforceable if procured through fraud. *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir.1999). To establish a prima facie case of fraud, plaintiff must present evidence that the union representatives made false representations of material facts; that the person making the representation knew it was false; that plaintiff did not know it was false; that the person making the statement intended that plaintiff act on it; and that the misrepresentation resulted in damages. *Id.* at 1229–30. "As a general rule, actionable fraud cannot consist of unfulfilled predictions or erroneous conjectures as to future events.... Merely expressing an opinion in the nature of a prophecy as to the happening of a future event is not actionable." *Id.* at 1230 (quotations omitted). In this case, plaintiff has not presented evidence that the union representatives' predictive statements were

---

1. Plaintiff also alleges that the union "misrepresented" her, using that term to describe the union's duty to represent her interests regarding her termination. To avoid a release, the law requires a claim of fraudulent misrepresentation as opposed to a claim of inadequate representation.

knowingly false and were meant to deceive her into signing the release.

■ Plaintiff also has not shown that she was under such duress that her entry into the settlement agreement was involuntary. To establish duress as ground for the avoidance of a contract, plaintiff must show that defendants used "an unlawful threat or other improper means" to subjugate her mind and will, so that their conduct was "the sole and efficient cause of the action which [she] took." *Id.* at 1231 (emphasis and quotations omitted). Further, "it is a general rule that a transaction cannot be held to have been induced by duress ... where the party had and took an opportunity for reflection and for making up his mind, and where he consulted with others and had the benefit of their advice, especially where he was advised by his counsel." *Id.* (quotations omitted). Plaintiff's evidence simply does not show that she signed the settlement under the type of duress needed to avoid the contract. Although plaintiff felt pressure to accept the settlement, there is no showing that defendants used any improper means to coerce her. Further, plaintiff had a full ten days to reflect and make up her mind, with the option of obtaining advice from whomever she chose, including an attorney. Her failure to consult with an attorney does not mean that she entered into the agreement under duress. *See Gibson v. Wal–Mart Stores Inc.,* 181 F.3d 1163, 1169 (10th Cir.1999) (applying Wyoming law to hold that plaintiff's inability to negotiate waiver and her failure to consult with an attorney did not constitute duress).

■ Finally, plaintiff argues that because she is a *pro se* litigant, we should reverse the summary judgment and give her an opportunity to obtain more evidentiary support for her claims. Although we must liberally construe a *pro se* plaintiff's pleadings, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we will not "supply additional factual allegations to round out [her] complaint," *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997), and her *pro se* status does not excuse her from complying with the federal rules of civil and appellate procedure, *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

The judgment of the district court is AFFIRMED.